UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al. | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | ) Civil Action No. 17-cv-330<br>) |
| DONALD J. TRUMP, President, et al. | )<br>) |
| Defendants | ) |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO INTERVENE**

Defendants President Donald J. Trump and John Koskinen, Commissioner, Internal Revenue Service, based on Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, seek an extension of time to August 22, 2017, to respond to the Motion to Intervene, ECF No. 5, filed by proposed intervenors Charles Moodie, Koua Vang, Patrick Malone, and Holy Cross Anglican Church. The defendants request this extension of time so that they are not required to respond to the intervention motion before they are required to respond to the plaintiffs' complaint.

Plaintiffs Freedom from Religion Foundation, Inc., Dan Barker, and Annie Laurie Gaylor filed this action on May 4, 2017, challenging the President's Executive Order on religious liberty, Exec. Order No. 13,798, Promoting Free Speech and Religious Liberty, 82 Fed. Reg. 21,675 (May 4, 2017), based on the Free Speech Clause and the Establishment Clause of the First Amendment, as well as other constitutional provisions, and seeking declaratory and injunctive relief. Plaintiffs delivered a copy of the summons and complaint to the U.S. Attorney's office on June 23, 2017. Under Rule 12(a)(2), the defendants' response to the complaint is due August 22, 2017.

On June 29, 2017, Charles Moodie, Koua Vang, Patrick Malone, and Holy Cross Anglican Church filed a motion to intervene as defendants, seeking intervention of right under

Rule 24(a) or, alternatively, permissive intervention under Rule 24(b). Responses to the motion are due July 6, 2017.

The defendants seek an extension to August 22, 2017, to respond to the motion to intervene so that the defendants are not required to respond to the intervention motion before they are required to respond to the complaint. To address whether the proposed intervenors meet the requirements for intervention, the defendants (and ultimately the Court) will need to evaluate the issues raised by the original action and whether and how they intersect with the interests asserted by the proposed intervenors. More specifically, the Seventh Circuit has explained that to intervene of right under Rule 24(a)(2), a movant must show, among other requirements, (1) that he claims an interest relating to the property or transaction that is the subject of the action, (2) that he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, and (3) that existing parties—in this case, the Government defendants—do not adequately represent that interest. *Sakaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945–46 (7th Cir. 2000); *see also* Fed. R. Civ. P. 24(a)(2). Each of these factors entails some examination of the issues in the original action and how they touch the proposed intervenors' interests.[1] Similarly, permissive intervention under Rule 24(b)(1)(B) requires that the movant have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). That also points back to the issues raised by the original action.

---

[1] Indeed, the proposed intervenors' own arguments suggest that immediate consideration of their motion would be premature in some respects. The proposed intervenors argue that if the Court is inclined to find that intervention should be denied because their interests are adequately represented by the defendants, the Court should "defer consideration of that question until later in the case." Br. in Supp. of Mot. to Intervene 24 n.4, ECF No. 6.

Given that addressing the intervention motion will also require addressing the issues raised by the original action, the Government should not be required to respond to the intervention motion before it is required to respond to the complaint. The Government needs time to evaluate the issues raised by the complaint and the proposed intervenors' motion papers (which weigh in at 70 pages including the motion, proposed pleading, supporting brief, and declarations) and to formulate the Government's positions. The proposed intervenors do not appear to be seeking separate relief in the action and thus will not be prejudiced if an extension is granted.

The Government conferred with the plaintiffs and the proposed intervenors to determine their position on the Government's request for an extension. The plaintiffs indicated they do not oppose the Government's request. The proposed intervenors indicated that while they would not oppose a request for a short extension of time, they oppose the Government's request for an extension that would permit the Government to respond to the intervention motion at the same time that it responds to the complaint.

Date: June 30, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JEFFREY M. ANDERSON
Acting United States Attorney

LESLEY FARBY
Assistant Branch Director

s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530

Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendants