IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., DAN BARKER, and ANNIE LAURIE GAYLOR, Co-Presidents of FFRF,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD TRUMP, President of the United States; and JOHN KOSKINEN, Commissioner of the Internal Revenue Service,<br><br>*Defendants*,<br><br>CHARLES MOODIE, KOUA VANG, PATRICK W. MALONE, and HOLY CROSS ANGLICAN CHURCH,<br><br>*Proposed Defendant-Intervenors*. | Case No. 3:17-CV-00330 |

**OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION**

Defendants seek to extend this Court's normal motion response time from seven days to seven weeks. While Proposed Intervenors did not and do not object to an extension doubling the normal response time, a seven-fold delay indexed to the filing of Defendants' motion to dismiss is unnecessary, will preclude the orderly hearing of anticipated Rule 12 motion practice, and will prejudice Proposed Intervenors' interests.

First, a seven-week delay is unnecessary for Defendants to decide their position on an intervention request that mirrors one they considered three years ago in *Freedom From Religion Foundation v. Koskinen*, 298 F.R.D. 385 (W.D. Wis. 2014).

1

Indeed, this case presents basically the same Plaintiffs asking the same Court for the same relief against the same Defendants, with the same Proposed Intervenors seeking to raise the same legal arguments and protect the same legal interests. And last time, Defendants formulated their position on intervention in the normal seven days. *Compare* Dkt. 25 (Motion to Intervene, December 12, 2013), *with* Dkt. 30 (Gov't Response in Opposition, December 19, 2013). If anything, it should be easier for Defendants to decide their position on a second go-around.

Second, delaying a response on Proposed Intervenors' motion until Defendants file their responsive pleading will also unnecessarily preclude an orderly presentation of the parties' Rule 12 motion practice. Courts not infrequently grant intervention motions "before the existing parties have joined issue on the pleadings." *See* 7C Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1916 (3d ed.). And that particularly makes sense where, as here, the intervenors seek to participate in Rule 12 motion practice. *See* Mot. to Intervene 1 (stating intent to file a Rule 12 motion); *accord* Brief in Supp. 21-22, 25 (same). But Defendants' sequencing guarantees a staggered presentation of Defendants' and Intervenors' Rule 12 motions, with Defendants' motion filed on August 22 and then the Proposed Intervenors' at some later date (should they be granted intervention). That sequencing also deprives Proposed Intervenors of the "tangible benefit" of promptly presenting their legal arguments to this Court. *See Koskinen*, 298 F.R.D. at 386-87.

Finally, Defendants state that they simply need more time to respond to the Plaintiffs' complaint and the motion to intervene. But Defendants' proposed schedule

does not give them any more time between now and August 22 than does the schedule already set by this Court. By contrast, Proposed Intervenors offered to agree to a 30-day extension of Defendants' responsive pleading deadline, which would provide a net increase in response time without prejudicing Proposed Intervenors' interests or the orderly presentation of Rule 12 motions to this Court.

For these reasons, Proposed Intervenors respectfully request that this Court deny Defendants' request for a seven-fold response time increase, and instead (1) grant a 7-day extension (to July 13) for the parties to take a position on intervention, and (2) grant a 30-day extension (to September 21) for the Defendants and—potentially—the Intervenors to file their responsive pleadings to the complaint.

Dated: July 3, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Daniel Blomberg
　　　　　　　　　　　　　　　　　　Eric C. Rassbach
　　　　　　　　　　　　　　　　　　Diana M. Verm
　　　　　　　　　　　　　　　　　　Daniel H. Blomberg
　　　　　　　　　　　　　　　　　　The Becket Fund for Religious Liberty
　　　　　　　　　　　　　　　　　　1200 New Hampshire Ave. NW, Suite 700
　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　Telephone: (202) 955-0095
　　　　　　　　　　　　　　　　　　Facsimile: (202) 955-0090
　　　　　　　　　　　　　　　　　　*Counsel for Proposed Intervenors*