IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., DAN BARKER, and ANNIE LAURIE GAYLOR, Co-Presidents of FFRF,<br><br>　　*Plaintiffs*,<br><br>　v.<br><br>DONALD TRUMP, President of the United States; and JOHN KOSKINEN, Commissioner of the Internal Revenue Service,<br><br>　　*Defendants,*<br><br>CHARLES MOODIE, KOUA VANG, PATRICK W. MALONE, and HOLY CROSS ANGLICAN CHURCH,<br><br>　　*Proposed Defendant-Intervenors*. | Case No. 3:17-CV-00330 |

**PROPOSED DEFENDANT-INTERVENORS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

　　Plaintiffs' Amended Complaint provides further support for promptly granting Defendant-Intervenors' motion to intervene, which is ripe for decision. *See* Dkt. 5 (June 29, 2017).

　　First, Plaintiffs' Amended Complaint makes allegations specifically about the Intervenors themselves, including by accusing the Intervenors and other "religious officials" of "open and notorious violations of the Johnson Amendment." Dkt. 26 ¶¶ 109-10. These allegations must be presumed to be true at this stage in the case and further establish Intervenors' specific, concrete interests in defending their rights in this proceeding. *See*, *e.g.*, Dkt. 21, Intervenors' Reply Br. at 3-4, 8-9 (intervention as of right), *id.* at 12 (permissive intervention); *see also* 26 U.S.C. §§ 6852, 7409 (allowing heightened enforcement procedures against "flagrant" violations of section

1

501(c)(3)).

Second, Plaintiffs' allegations support Intervenors' view that the Executive Order was intended to and should be interpreted to instruct the federal government not to enforce the IRS's section 501(c)(3) regulations against internal church speech. Dkt. 26 ¶¶ 104, 108 (the "issuance of the EO" had "the effect of further chilling IRS enforcement of the Johnson Amendment" against churches, which was "the EO's intended result"); *see also* Intervenors' Reply Br. at 6-7.

Third, Plaintiffs allege that the IRS has an ongoing practice of nonenforcement against internal church speech, a practice which Intervenors alone maintain is both justified and mandated by the First Amendment and federal law. Dkt. 26 ¶ 110 ("the IRS *continues to* disregard open and notorious violations of the Johnson Amendment by religious officials" (emphasis supplied)); *see also* Intervenors' Reply Br. at 4, 8.

Finally, in their amended complaint, Plaintiffs continue to seek an order from this Court requiring enforcement of the IRS's regulations against internal church speech. Dkt. 26 ¶ 108-11 ("enforcement of the Johnson Amendment" against internal church speech is constitutionally mandated); *accord id.* ¶ 15 (requesting that this Court order Defendants to "enforce the restrictions in Internal Revenue Code § 501(c)(3) against churches"); *see also* Intervenors' Reply Br. at 4, 9.

Dated: Sept. 26, 2017         Respectfully submitted,

/s/ Daniel H. Blomberg
Eric C. Rassbach
Diana M. Verm
Daniel H. Blomberg
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
*Counsel for Intervenors*